# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Edgar W. Friedrichs, Jr.,**
**Petitioner Below, Petitioner**

**FILED**

**November 8, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 13-0031** (Fayette County 10-C-93)

**David Ballard, Warden,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Edgar W. Friedrichs, Jr., by counsel Thomas Rist, appeals an order of the Circuit Court of Fayette County entered on December 12, 2012, that denied his *pro se* petition for post-conviction habeas corpus relief. The State of West Virginia, by counsel Marland L. Turner, has filed its response on behalf of Respondent, Warden David Ballard to which petitioner replied.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2001, petitioner was indicted on five counts: Count One, first degree sexual abuse; and Counts Two through Five, sexual abuse by a custodian. On January 30, 2002, a jury found petitioner guilty on the first four counts and acquitted petitioner on the fifth count. Thereafter, the circuit court sentenced petitioner to sixteen to fifty years in prison for these convictions. Petitioner's direct appeal from his criminal convictions was refused by the Court on June 18, 2003.

On April 10, 2010, petitioner filed a *pro se* petition for writ of habeas corpus asserting twenty-three substantive grounds for relief. Petitioner also filed a motion for appointment of counsel that was denied by the circuit court. By order entered August 3, 2010, the circuit court, absent an evidentiary hearing, denied petitioner's habeas petition, but addressed only the first thirteen grounds for relief.

On November 4, 2010, the circuit court appointed Attorney Jeffrey Mauzy to represent petitioner for the purpose of filing an appeal. In that appeal, petitioner argued that the circuit court erred by failing to hold an evidentiary hearing; denying his motion to appoint habeas counsel; denying relief on his first thirteen grounds for relief; and  failing to address his last ten grounds for relief.

1

While petitioner's appeal was pending at this Court, petitioner's appellate counsel, Jeffrey Mauzy, accepted employment with the Fayette County Prosecutor's Office.

In *Friedrichs v. Ballard*, No. 11-0564 (W.Va. Supreme Court, June 22, 2012) (memorandum decision), this Court affirmed the circuit court's order in regard to petitioner's first two assignments of error (failing to hold a hearing and to appoint counsel), and adopted the circuit court's order denying relief on petitioner's first thirteen grounds for relief. However, in regard to petitioner's third assignment of error (the circuit court's failure to rule on petitioner's last ten grounds for relief), the Court remanded the case with instructions to the circuit court to so rule.

While the case was on remand to the circuit court, petitioner filed a motion to recuse the Fayette County's Prosecutor's Office from appearing in the case on the ground that Mr. Mauzy now worked for that office. Petitioner also moved for the appointment of a special prosecutor.

By order entered December 12, 2012, the circuit court noted that it had failed to rule on ten of petitioner's twenty-three grounds for relief due to petitioner's confusing and poorly-drafted petition, and due to natural disasters and other events that resulted in the Fayette County Courthouse being closed for many days. The circuit court then considered and denied petitioner's habeas petition on the remaining ten grounds without appointing habeas counsel, holding an evidentiary hearing, or disqualifying the prosecutor's office.

Petitioner now appeals the circuit court's December 12, 2012, order.

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009). Petitioner raises three procedural and ten substantive assignments of error. Petitioner's first two procedural assignments are that the circuit court erred in failing to appoint habeas counsel and in failing to hold an evidentiary hearing.

West Virginia Code § 53-4A-7(a) provides, in part, that where a petition for writ of habeas corpus and the record "show to the satisfaction of the court that the petitioner is entitled to no relief . . . the court shall enter an order denying the relief sought" without an evidentiary hearing. Additionally, this Court has stated that,

> "[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is

2

entitled to no relief." Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004). In the order on appeal, the circuit court noted that it (1) had conducted a careful review of the relevant law, the complete contents of the court file, the underlying criminal case file, and the trial transcript; and (2) had presided over the jury trial in petitioner's underlying criminal case and was therefore thoroughly familiar with the case. The circuit court then determined that, pursuant to West Virginia Code § 53-4A-7, no evidentiary hearing was needed. Accordingly, and in light of the *Perdue* standard, we cannot say that the circuit court abused its discretion in denying petitioner's motion for appointment of habeas counsel and in choosing to rule on petitioner's habeas petition absent an evidentiary hearing.

Petitioner's third procedural argument is that the circuit court erred in denying his motions to disqualify the prosecutor's office and to appoint a special prosecutor without holding a hearing to determine if petitioner's former counsel had been effectively and completely screened from involvement in this case.

We note the circuit court's comprehensive findings in the order on appeal, which petitioner does not challenge: (1) that petitioner's appeal was fully prosecuted before Mr. Mauzy went to work for the prosecutor's office; (2) that Mr. Mauzy no longer represents petitioner; (3) that no one from the prosecutor's office participated in any manner in drafting the order petitioner now appeals; (4) that Mr. Mauzy's work for the prosecutor was limited to matters involving juvenile delinquency and child abuse and neglect; and (5) that when Mr. Mauzy went to work for the prosecutor's office, the prosecutor sent the following memo to "All Employees:"

> This is a reminder that no one in this office, secretary or attorney, is to discuss in any way, with Jeff Mauzy, any of the cases he previously worked in, whether it be abuse and neglect, criminal or others. This measure is necessary to ensure that neither the office nor Mr. Mauzy breaches any ethical boundary. This in in order to build a "Chinese Wall" around these cases. . . .

Attached to this memo was a list of Mr. Mauzy's prior cases, including the appeal of petitioner's first habeas petition. Based on these findings, the circuit court concluded that petitioner's motion to recuse was frivolous.

This Court has held: "'As the primary responsibility of a prosecuting attorney is to seek justice, his affirmative duty to an accused is fairness.' Syl. pt. 2, *State v. Britton*, 157 W.Va. 711, 203 S.E.2d 462 (1974)." *State v. King*, 183 W.Va. 440, 441, 396 S.E.2d 402, 403 (1990). Here, the circuit court found that the prosecutor upheld that primary responsibility and made every effort to effectively and completely screen Mr. Mauzy from petitioner's case and to prevent all other employees in the office from discussing petitioner's case with Mr. Mauzy. As such, we cannot say that the circuit court abused its discretion in denying petitioner's motions to recuse or to appoint a special prosecutor. As for petitioner's claim that the circuit court erred in failing to hold a hearing to determine whether Mr. Mauzy had been effectively and completely screened from involvement in this case, we find that the circuit court fully addressed that issue in its

findings and conclusions. Further, and as we noted above, a hearing is not required where the habeas court is satisfied from the pleadings and the record that the petition for habeas relief lacks merit.

Petitioner's ten substantive assignments of error address his right to a fair trial, effective assistance of counsel, confrontation of witnesses, and double jeopardy. The circuit court made comprehensive findings in regard to each of these assignments of error, and did not err in concluding that all were without merit under West Virginia and federal law. Having reviewed the circuit court's "Order" entered December 12, 2012, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 8, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Senior-Status Justice Thomas E. McHugh sitting by temporary assignment

**DISQUALIFIED:**

Justice Margaret L. Workman

Duplexed / Denied on Remand
Received 18 Dec 2012
#18(4)
Notice of Appeal
1 of 24

# IN THE CIRCUIT COURT OF
# FAYETTE COUNTY, WEST VIRGINIA

EDGAR W. FRIEDRICHS, JR.

Petitioner,

vs.                                                         Civil Action No. 10-C-93-H

DAVID BALLARD, Warden,
Mount Olive Correctional Complex



## ORDER

On August 03, 2010, the Court entered an Order in this matter denying the Inmate Petitioner's Petition for a Writ of Habeas Corpus. The Inmate Petitioner appealed said Order to the Supreme Court of Appeals of West Virginia. By a Memorandum Decision filed June 22, 2012, the Supreme Court unanimously affirmed said Order in part and remanded in part, instructing the Court to address the remaining ten (10) grounds for relief raised in the Petition because said grounds were not addressed in the aforementioned Order.

Grounds for relief fourteen (14) through and including twenty-three (23) of the Petition were not addressed in the aforementioned Order due to an oversight caused by the confusing nature of the poorly-drafted, pro se Petition. Nevertheless, the Court bears full responsibility for the aforementioned oversight. The Court notes that it always

tries mightily to dispose of all assigned cases promptly, fairly, and efficiently. Also, during the last week of June and last week of October 2012 Fayette County was the victim of two (2) devastating, natural disasters, one (1) wholly unexpected, the other predicted to a degree. As one of the many results of the aforementioned disasters, electric service was twice disrupted county wide for weeks, and the Courthouse was closed for a total of ten (10) days. Thus, the Court's docket was twice greatly and unexpectedly disrupted, necessitating the unexpected rescheduling of many, many cases involving many litigants, lawyers, and witnesses. Also, the courthouse was closed in September, October, and November for the legal holidays of Labor Day (1), Columbus Day (1), Fourth of July (1), Election Day (1), and Thanksgiving (2) for a total of six (6) days. The Court is just now managing to regain some semblance of order in regard to the Court's docket.

After careful consideration and review of the complete contents of the court file, the underlying criminal court case file, jury trial transcript, and relevant law, the Court now makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1.  In an effort to avoid any inadvertent exclusion of some relevant fact or conclusion, all Findings of Fact and Conclusions of Law contained in the aforementioned Order entered August 03, 2010, are hereby specifically

2

Duplexec

Denial on ...

18 Dec 2012

#18(4)
Notice of Appeal
3 of 24

incorporated herein by reference and made a part hereof as if specifically set forth herein.

2. The Court presided over the jury trial in the underlying criminal case and is thoroughly familiar with all proceedings in said case from arraignment through and including sentencing. The Court is also very familiar with all of the Inmate Petitioner's post-conviction proceedings concerning the aforementioned criminal case.

3. The Inmate Petitioner was convicted by a petit jury on January 30, 2002, for criminal conduct which occurred from 1995 through and including 1997. He was found guilty of the felony crime of first degree sexual abuse as charged in Count One of the Indictment, and guilty of the felony crimes of sexual abuse by a custodian, as charged in Counts Two, Three, and Four of the indictment, respectively. The Inmate Petitioner was found not guilty of the felony crime of sexual abuse by a custodian as charged in Count Five of the Indictment.

4. On March 18, 2002, the Inmate Petitioner was sentenced to the West Virginia State Penitentiary for an indeterminate term of not less than one (1) nor more than five (5) years for the felony crime of first degree sexual abuse as charged in Count One. The Inmate Petitioner was sentenced to the West Virginia Penitentiary for an indeterminate term of not less than ten (10) nor more than twenty (20) years for each of the felony crimes of sexual abuse by a custodian as charged in Counts Two, Three, and Four, respectively. The Court ordered said

3

sentences served consecutively. A Conviction Order was entered February 11, 2002, and a Sentencing Order was entered March 28, 2002.

5. The Inmate Petitioner filed a Petition for Appeal in the Supreme Court of Appeals of West Virginia on February 3, 2003. Said appeal was refused by the Supreme Court in an Order entered June 18, 2003.

6. On March 4, 2008, the Inmate Petitioner filed a Motion for Correction of Sentence which challenged the legality of the aforementioned sentences imposed for the crimes alleged in Counts Two, Three, and Four of the Indictment.

7. Upon careful review, the Court recognized that West Virginia Code § 61-8B-5, which establishes the sentence for the felony crime of sexual abuse by a custodian, was amended by the legislature in 1998. Said amendment was made after the Inmate Petitioner committed the crimes alleged in Counts Two, Three, and Four during 1995 through and including 1997, but prior to the 2002 jury trial and convictions. West Virginia Code § 61-8B-5 (as amended, 1991) provided for a sentence of imprisonment in the penitentiary for an indeterminate term of not less than five (5) nor more than (15) years for the felony crime of sexual abuse by a custodian. However, West Virginia Code § 61-8B-5 (as amended, 1998) provides for a sentence of imprisonment in the penitentiary for an indeterminate term of not less than ten (10) nor more than twenty (20) years for the felony crime of sexual abuse by a custodian. The Court recognized its error and re-sentenced the Inmate Petitioner to confinement in the West Virginia State

4

Penitentiary for an indeterminate term of not less than five (5) nor more than (15) years for the convictions of the felony crimes alleged in Counts Two, Three, and Four, respectively. An Order of Correction was entered March 20, 2009. The sentence originally imposed for the crime charged in Count One was unchanged. All sentences were again ordered served consecutively.

8. The Inmate Petitioner filed the Petition that is the genesis of this case on April 01, 2010. The Court denied the first thirteen (13) grounds for relief set forth in the aforementioned Petition in the aforementioned Order entered August 03, 2010. The Inmate Petitioner filed a Notice of Intent to Appeal on August 19, 2010. The Supreme Court of Appeals of West Virginia issued a memorandum decision on June 22, 2012, affirming this Court's denial of the aforementioned thirteen (13) grounds for relief raised in the Petition. The Supreme Court remanded this matter for the Court to rule upon the remaining ten (10) grounds of relief raised in the Petition.

9. In "Ground Fourteen" of the Petition, the Inmate Petitioner claims that the Court abused its discretion by ruling that the Inmate Petitioner's "Motion in Arrest of Judgment," [filed approximately five (5) years after the Petition for Appeal was refused by the Supreme Court] was untimely filed and otherwise without merit. The Court addressed, in detail, facts relevant to "Ground Fourteen" in Historical Findings of Fact 49 through and including 51of the aforementioned Order entered

5

August 03, 2010. Historical Findings of Fact 49 through and including 51 read as follows:

49. On March 25, 2008, the Petitioner, pro se, filed a pleading captioned "*Motion in Arrest of Judgment*," and motions for appointment of counsel and to proceed in forma pauperis, to aid in his pursuit of the relief sought by said motion.

50. The Petitioner alleged in said motion:

1. "The indictment in this case failed to provide Defendant notice of nature of charges against him, which lack of notice rendered it legally impossible for him to adequately prepare a defense," and

2. "The indictment in this case failed to provide Defendant sufficient information to serve as a bar in jeopardy to future prosecution."

51. By Order entered on April 23, 2009 (in Indictment No. 01-F-97), the Court denied the Petitioner's aforementioned motions. The Court made conclusions, including but not limited to:

1. "The Defendant's motion for arrest of judgment, filed more than six years after his aforementioned convictions, was clearly untimely filed...[and],

2. further,...the indictment herein is reasonably constructed, and that any allegations of defects contained therein are clearly not such that would occasion the Court to extend the time period for the filing of said motion." Johnson v. West Virginia, 639 S.E.2d 789 (2006).

10. In a very wordy "Ground Fifteen" of the Petition, the Inmate Petitioner claims, in part, that he was denied effective assistance of trial counsel due to a lack of preparedness and knowledge of the relevant law by the Inmate Petitioner's trial counsel. The Petitioner claims that his trial counsel committed a litany of supposed errors, including misconstruing the West Virginia Code, lack of case investigation, failure to raise certain objections, various errors regarding jury instructions, failure to request a "cautionary instruction" pertaining to the testimony of "RKB" pursuant to Rule 404(b) of the West Virginia Rules of Evidence, failure to challenge the validity of certain testimony, advising the Petitioner not to testify on his own behalf, failure to the poll the jury following the verdicts, and failure to seek relief in the United States Supreme Court after the Inmate Petitioner's appeal was refused by the Supreme Court of Appeals of West Virginia.

11. At trial, the Court informed the Inmate Petitioner, out of hearing of the jury, of his right to testify in his own defense. The Inmate Petitioner was informed that if he chose to testify, the Inmate Petitioner would be asked questions by his trial

7

counsel and could be cross-examined by the prosecuting attorney. He was informed that the Court would instruct the jury to weigh and consider the Inmate Petitioner's testimony the same as other witnesses in the case. Further, the Court informed the Inmate Petitioner that he had a right to remain silent at trial and not testify in his own defense, and that the prosecutor would not be permitted to comment to the jury as to the Inmate Petitioner's silence. The Court also informed the Inmate Petitioner that the jury would be instructed to not discuss his silence or consider it in their deliberations should he choose to not testify. The Inmate Petitioner, having been fully informed of his rights, announced, on the record, that he would not testify. Trial Transcript, Volume II, p. 325-327.

12. The Petitioner acknowledged in "Ground Fifteen," aforementioned, that Petitioner's trial counsel filed and won a motion to exclude the trial testimony of Joseph Stillman. Petitioner's trial counsel also moved to exclude the trial testimony of Keith Bowen. The Court denied said motion and permitted Mr. Bowen to testify at trial. The Court entered an Order January 7, 2002, which contained detailed Findings of Fact and Conclusions of Law in regard to its ruling as to the two aforementioned motions.

13. Inmate Petitioner claims in "Ground Sixteen" that the Court, at trial, erred in denying Petitioner's two motions for judgment of acquittal, which challenged the sufficiency of evidence to support convictions as to Counts Two, Three, and Four

8

of the Indictment. The sufficiency of evidence to support the conviction as to Count One was not raised in "Ground Sixteen." The Inmate Petitioner raised this issue in his direct appeal to the Supreme Court, and said appeal was refused.

14. Immediately upon the Court's concluding the reading aloud of the five (5) verdicts of the jury, the Court asked the jury: "Are these your verdicts, so say each of you ladies and gentleman?" The court reporter noted in parenthesis: "(all jurors indicated affirmatively)." Trial Transcript, Volume III, p. 483.

15. "Ground Seventeen" of the Petition claims that the Court erred by denying Petitioner's Motion in Limine which sought to bar certain testimony concerning "other similar acts" pursuant to West Virginia Rule of Evidence 404(b).

16. Historical Finding of Fact Eighteen in the aforementioned August 03, 2010, Order addressed in detail the nature of the evidence Petitioner refers to in "Ground Seventeen," aforementioned, and all proceedings which occurred concerning such evidence. Historical Finding of Fact Eighteen reads as follows:

18. By Order entered January 7, 2002, the Court denied the aforementioned Motion to Dismiss Indictment, finding "1. The indictment in this matter alleges all the essential elements. [And] 2. The indictment in this matter provides sufficient notice to the defendant as to what crime has been charged and could be plead against future charges as to double jeopardy."

9

17. "Ground Eighteen" of the Petition claims that the State made an impermissible "golden rule" argument during the State's closing argument at trial. A review of the transcript reveals that no such argument was ever made by the State. Further, the Inmate Petitioner raised said issue on direct appeal to the Supreme Court of Appeals of West Virginia, and said appeal was refused.

18. In "Ground Nineteen" of the Petition the Inmate Petitioner claims that the aforementioned four (4) sentences are violative of the principle of proportionality under the Article III, Section 5 of the West Virginia Constitution and the Eighth Amendment of the United States Constitution. The Inmate Petitioner was, as hereinbefore set forth, sentenced to a total of not less than sixteen (16) nor more than fifty years (50) in the penitentiary for a variety of serious sex crimes wherein the victims were male minors. The Inmate Petitioner raised said issue on direct appeal to the Supreme Court of Appeals of West Virginia, and said appeal was refused.

19. "Ground Twenty" of the Petition claims that the Court improperly allowed the testimony of Dr. David Estep, Jr. to be offered in open court. Dr. Estep appeared as a mitigation witness on behalf of the Inmate Petitioner. The Court denied the Inmate Petitioner's motion seeking to permit Dr. Estep to appear *in camera.*

20. "Ground Twenty-One" of the Petition claims that the indictment in the underlying criminal case failed to properly put the Inmate Petitioner on notice of what he was charged with doing, thus making it impossible for him to prepare an adequate

10

defense. The Court has previously found that the indictment was legally sufficient and that said indictment alleged all the necessary and essential crime elements of the crimes charged in all counts of the indictment. An Order entered January 23, 2002, in the underlying felony case, sets forth the Court's finding that the indictment was legally sufficient.

21. "Grounds Twenty-Two, Twenty-Two(a), and Twenty-Two(b)" of the Petition allege that the indictment was insufficient to serve as a double jeopardy defense because Counts Two and Three were duplicates and that Counts Four and Five were also duplicates. The Court has previously ruled that the indictment was legally sufficient to serve as a double jeopardy defense. Said denial Order was entered January 23, 2002.

22. The Inmate Petitioner claims in "Ground Twenty-Three" of the Petition that the cumulative effect of multiple errors denied the Inmate Petitioner of fair trial in violation of Article III, Section 10 of the West Virginia Constitution and the Eighth Amendment to the United States Constitution.

## CONCLUSIONS OF LAW

1. Jurisdiction and venue are appropriately in the Circuit Count of Fayette County following remand by the Supreme Court of Appeals of West Virginia.

2. A habeas corpus proceeding is not a substitute for a writ of error and ordinary trial error not involving constitutional violations will not be reviewed. Syl. Pt. 4,

11

State ex rel McMannis v. Mohn, 163 W.Va. 129, 254 S.E.2d 805 (1979), cert.

denied, 464 U.S. 831 (1983).

3.     "Ground Fourteen" of the Petition is wholly without merit.  The "Motion in Arrest of

Judgment" was untimely filed and the Court's denial of the Inmate Petitioner's

motion was then and is now legally correct.  Said motion was filed approximately

five (5) years after the Inmate Petitioner's unsuccessful appeal.  Also, the denial

of said Motion was proper because the indictment challenged by the Inmate

Petitioner was legally and reasonably constructed and "any allegations or defects

found therein would not occasion the Court to extend the time period for the filing

of said motion."  Johnson v. West Virginia, 219 W.Va. 679, 639 S.E.2d 789

(2006).  The Order entered April 23, 2009, was then and is now legally sound.

4.     Ineffective assistance by the Inmate Petitioner's trial counsel is raised in "Ground

Fifteen."  The Supreme Court of Appeals of West Virginia has adopted the two-

pronged test the United States Supreme Court established in Strickland v.

Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's

performance was deficient under an object standard of reasonableness; and (2)

there is a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceedings would have been different.  State v. Miller, 194 W.Va. 3,

459 S.E.2d 114 (1995).

5.     The Court applies a highly deferential standard to the wide range of acceptable

professional assistance provided the Inmate Petitioner during his jury trial.  "The

12

fulcrum for any ineffective assistance of counsel claim is the adequacy of counsel's investigation. Although there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and judicial scrutiny of counsel's performance must be highly deferential, counsel must at a minimum conduct a reasonable investigation enabling him or her to make informed decisions about how best to represent criminal clients." State ex rel Daniels v. Legursky, 195 W.Va. 314, 320, 465 S.E.2d 416, 422 (1995).

6. All conduct or lack thereof by the Inmate Petitioner's trial counsel complained of in "Ground Fifteen" amounts to either strategic decisions by counsel or otherwise and does not rise to the level of ineffective assistance of counsel under the above-quoted standard announced by the United States Supreme Court in Strickland and adopted by the Supreme Court of Appeals of West Virginia in Miller. Further, a review of the Petition, criminal court file, and trial transcript reveal that none of trial counsel's actions or inactions were even remotely of such a character as to overcome the strong presumption that trial counsel's conduct fell well within a reasonable range of professional assistance as described above in Legursky.

7. Further, the Inmate Petitioner seeks to use the fact that the Court granted his "Motion for Correction of Sentence" pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure as evidence of ineffective assistance of his trial counsel. This argument is clearly without merit. Said sentencing error, later

corrected by an Order entered March 20, 2009, had absolutely nothing at all to do with whether the jury trial resulted in the presentation of good and sufficient evidence to permit an impartial jury to find the Inmate Petitioner guilty beyond a reasonable doubt as to allegations set forth in four (4) of the five (5) counts within the indictment. That the trial counsel, prosecuting attorney, and the probation officer failed to recognize the Court's initial sentencing error is in no way fatal to the ultimate and final conclusion of the Inmate Petitioner's underlying criminal case. The Court restates here, as to the issue of ineffective assistance of trial counsel, what it wrote in page two (2) of its August 03, 2010, Order, i.e. the Inmate Petitioner was represented in his jury trial of the underlying criminal case by Benjamin Bryant who was hired by the Inmate Petitioner and/or his family. Mr. Bryant was then a former Assistant United States Attorney for the Southern District of West Virginia, and a long time private practitioner of the law, especially as a criminal defense lawyer.

8. Further, as to the issue of ineffective assistance of trial counsel, the Court concludes that the Inmate Petitioner's claims of ineffectiveness because his trial counsel failed to poll the jury and also advised the Inmate Petitioner not to testify in his defense, must each fail in light of the fact that the Court clearly followed case law and informed the Inmate Petitioner about his right to testify or remain silent. The Court's inquiring of the jury about their verdicts was proper.

14

Duplexed

Denial on remand
18 Dec 2012
#18 (4)
Not ice of Appeal
15 of 24

9. "Ground Sixteen" of the Petition is completely without merit. Evidence was clearly presented to support the Inmate Petitioner's conviction, beyond a reasonable doubt, of the sex crimes alleged in Counts One, Two, Three, and Four of the Indictment. The Inmate Petitioner, without advancing any factual or legal argument in support thereof, merely claims that the evidence was insufficient to support the convictions. The Supreme Court of Appeals of West Virginia held as follows:

> "A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." Syl. Pt. 3, State v. Guthrie, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Cleary, the Inmate Petitioner cannot meet this heavy burden. Further, this issue of evidence sufficiency was raised in the Inmate Petitioner's direct appeal. Said direct appeal was refused by the Supreme Court.

10. "Ground Seventeen" of the Petition is without merit, as it addresses the Court's denial of a motion by Inmate Petitioner seeking the exclusion of certain testimony at trial. An Order entered on January 23, 2002, properly denied the Inmate Petitioner's motion to exclude the testimony of Mr. Bowen. Further, the allegations in "Ground Seventeen" would not amount to constitutional flaw and cannot be reviewed in a habeas proceeding pursuant to the Mohn case quoted above.

11. Also without merit is "Ground Eighteen" of the Petition. A review of the trial transcript of the State's closing argument in this matter reveals that no prohibited "golden rule" argument was made by the State. Further, this issue was raised in the Inmate Petitioner's direct appeal. Said direct appeal was refused by the Supreme Court.

12. "Ground Nineteen" of the Petition claims that Inmate Petitioner's sentences violate the principle of proportionality under the Article III, Section 5 of the West Virginia Constitution and the Eighth Amendment of the United States Constitution. The proportionality of a sentence is considered under the following standard: "In determining whether a given sentence violates the proportionality

16

Duplexed

Denied on remand
18 dec 2012
#18(4)
Notice of Appeal
17 of 24

principle found in Article III, Section 5 of the West Virginia Constitution, consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction." Syl. Pt. 2, State v. Williams, 205 W.Va. 552, 519 S.E.2d 835 (1999).

13. The Inmate Petitioner's proportionality argument is completely without merit. The sentences originally imposed, and subsequently corrected, clearly comply with the West Virginia Code, do not violate any provisions of the West Virginia or United States Constitutions, and are consistent with the principles announced by the Supreme Court of Appeals of West Virginia in Williams. The Inmate Petitioner, then a school principal and school teacher (a position of trust), was convicted of sexually abusing male children. The sentences imposed for those crimes were then and are now clearly appropriate given the seriousness of the crimes for which the Inmate Petitioner was convicted. Further, this issue was raised in the Inmate Petitioner's direct appeal. Said direct appeal was refused by the Supreme Court of Appeals of West Virginia.

14. The Inmate Petitioner claims in "Ground Twenty" that the Court violated West Virginia Code 62-12-2(e) by denying a motion seeking to prevent Dr. Estep from testifying in open court. Dr. Estep had conducted a post-conviction psychiatric evaluation of the Inmate Petitioner. The Inmate Petitioner called Dr. Estep as a mitigation witness and the Court properly denied said motion to have Dr. Estep

17

testify *in camera*. The denial of said motion did not constitute any violation of West Virginia Code 62-12-2(e). This issue was raised in the Inmate Petitioner's direct appeal. Said direct appeal was refused by the Supreme Court of Appeals of West Virginia. Further, the allegations in "Ground Twenty" do not amount to constitutional flaws and cannot be reviewed in a habeas proceeding pursuant to the Mohn case quoted above.

15. Also without merit is "Ground Twenty-One." The Inmate Petitioner's indictment was legally sufficient. It clearly put the Inmate Petitioner on notice of the charges against him, and provided him with sufficient allegations to allow ample opportunity to prepare his defense. The Court discussed the indictment in detail in the aforementioned Order entered August 03, 2010, in Conclusions of Law 4 through and including 11 and found said indictment to be legally sufficient.

16. The Inmate Petitioner was not the victim of double jeopardy as he claims in "Grounds Twenty-Two, Twenty-Two(a), and Twenty-Two(b)." All crimes charged in the indictment were distinct crimes and the evidence presented at trial sufficiently supported each of the convictions of crimes alleged. Further, the Court addressed issues concerning the indictment in the aforementioned Order entered August 03, 2010, in Conclusion of Law 4 through and including 11 and found the indictment to be legally sufficient.

17. The Inmate Petitioner claims in "Ground Twenty-Three" that multiple trial errors had the cumulative effect of depriving him of a fair trial as required by Article III,

18

Section 10 of the West Virginia Constitution and the Fifth and Fourteenth

Amendments to the United States Constitution. There is no merit to this claim.

The Inmate Petitioner, in consideration of all the facts and circumstances in the

underlying criminal case, clearly received that to which he was constitutionally

entitled— a fair and public trial by an impartial jury of his peers. Nonprejudicial

errors, if any, which may have occurred, even if considered cumulatively, would

not entitle the Inmate Petitioner to the requested relief. The United States

Supreme Court has held from March 1953 forward that a criminal defendant is

entitled to a fair jury trial, but not a perfect jury trial. Lutwak v. United States, 344

U.S. 644, 73 S.Ct. 481 (1953).

18.    The Inmate Petitioner misconstrues the relationship between state and federal

law and attempts, but fails, to make a valid legal argument under Crawford v.

Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004). The Inmate Petitioner's

"Confrontation Clause" rights were never violated, thus, "Ground Twenty-Three"

is without merit.

19.    Rule 4(b) of the Rules Governing Post-Conviction Habeas Corpus Proceedings

provides as follows:

"If the petition is not transferred, the circuit court shall promptly

conduct an initial review of the petition. If, upon initial review of the

petition and any exhibits in support thereof, the court determines

that the petitioner may have grounds for relief but the petition, as

19

filed, is not sufficient for the court to conduct a fair adjudication of the matters raised in the petition, the court shall appoint an attorney to represent the petitioner's claims in the matter, provided that the petitioner qualifies for the appointment of counsel under Rule 3(a). The court may order appointed counsel to file an amended petition for post-conviction habeas corpus relief within the time period set by the court."

20. The Supreme Court of Appeals of West Virginia has held as follows regarding the appointment of counsel in habeas proceedings:

"A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief."

Syl. Pt. 1, Perdue v. Coiner, 156 W.Va. 467, 194 S.E.2d 657 (1973).

21. Clearly, the Petition in this case falls short of the above-quoted standards in Rule 4(b). The facts set forth in the Petition are woefully inadequate to support the relief sought and there is absolutely no merit to any grounds for relief raised by the Inmate Petitioner. Even the most skilled, experienced, and creative appointed counsel could not alter the reality that there is no possible factual

(Duplexed.)

[Remand on Remand]
18 Dec 2012
[#1B(4)
Notice of
Appeal]
2) of 2+

support for the Inmate Petitioner's requested relief. Thus, the Court is clearly not required to appoint counsel under Rule 4(b) pursuant to the above-quoted language from Perdue.

22. The Supreme Court of Appeals of West Virginia, in its aforementioned June 22, 2012, Memorandum Decision, wrote as follows regarding the Court's decision to not appoint counsel for the purpose of filing an Amended Petition:

> "Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error in regard to the petitioner's first two assignments of error--- the circuit court's decision not to hold an evidentiary hearing and its denial of the petitioner's motion for appointment of habeas counsel. Therefore, those two issues will be disposed of in this memorandum decision as contemplated by Rule 21 of the Revised Rules of Appellate Procedure."

23. In an Order entered November 24, 2010, the Court appointed Jeffery Mauzy, a local lawyer, to represent the Inmate Petitioner for the purpose of filing an appeal of the aforementioned August 03, 2010 Order denying the Petition. Said appeal was fully prosecuted and Mr. Mauzy, now employed by the Office of the Fayette County Prosecuting Attorney, no longer represents the Inmate Petitioner.

24. Pursuant to W.Va. Code § 53-4A-7, the Court concludes that issues pertaining to the state and federal rights to a fair trial, effective assistance of counsel,

confrontation of witnesses, and double jeopardy were raised in the Petition. The Court has considered each and every one of Inmate Petitioner's claims set forth in the last ten (10) grounds for relief and concludes that each one is clearly without merit under both state and federal law. The Court concludes that the trial counsel's failure to initiate an appeal in the United States Supreme Court (as to the underlying criminal case) is not evidence of ineffectiveness of counsel. Said trial counsel, having practiced criminal law in both federal and state courts, knew that the absence of any constitutional issue or other federal question in the underlying criminal case rendered the likelihood of any successful appeal of the Inmate Petitioner's convictions to the United States Supreme Court highly unlikely.

25. In consideration of all of the aforementioned, the Court concludes that nothing raised in the remaining ten (10) grounds for relief raised in the aforementioned Petition reasonably requires the presentation of evidence, and that the matters raised in the aforementioned ten (10) grounds fail to rise to the level of probable cause which would necessitate the issuance of the requested writ.

26. The Inmate Petitioner's previous motion seeking the recusal of the entire Office of the Fayette County Prosecuting Attorney is a frivolous motion in view of the fact that no one from said office ever had any participation, in any manner whatsoever, in the drafting of the Court's aforementioned August 03, 2010, Order or the drafting of this Order entered on the date shown below. Additionally, the

22

Duplexed

Denial on remand
18 Dec 2012

#18 (4)
Notice of Appeal
23 of 24

fact that a former Court appointed appellate counsel for the Inmate Petitioner now is employed by the Office of the Fayette County Prosecuting Attorney exclusively for abuse and neglect and juvenile delinquency cases neither requires nor necessitates the disqualification of the entire Prosecuting Attorney's office. Fayette County Prosecutor Carl L. Harris wrote the following memo, dated November 3, 2011, to "All Employees" in his office:

> "This is a reminder that no one in this office, secretary or attorney, is to discuss in any way, with Jeff Mauzy, any of the cases he previously worked in, whether it be abuse and neglect, criminal or any others. This measure is necessary to ensure that neither the office nor Mr. Mauzy breaches any ethical boundary. This is in order to build a "Chinese Wall" around these cases. See attached lists."

Attached to the aforementioned memo was a list of Mr. Mauzy's former cases which included this case of the Inmate Petitioner. The Office of the Fayette County Prosecuting Attorney clearly took all reasonable and necessary precautions to prevent any breach of any ethical duty Mr. Mauzy and the Office of the Prosecuting Attorney owed to all of Mr. Mauzy's former clients, including the Inmate Petitioner.

Thus, it is ORDERED that said motion be and the same is hereby DENIED.

Accordingly, it is ORDERED that the relief sought by the Inmate Petitioner be and the same is hereby DENIED and said civil action is DISMISSED.

The Clerk shall, forthwith, mail an attested copy of this Order to the Petitioner, Inmate Edward W. Friedrichs, One Mountainside Way, Mount Olive, West Virginia 25185 and Respondent, David Ballard, Warden Mount Olive Correctional Complex, One Mountainside Way, Mount Olive, West Virginia 25185.

ENTERED this 12th day of December, 2012

JOHN W. HATCHER, JR.
JUDGE

A TRUE COPY of an order entered
Dec. 12, 2012
Teste: _____
Circuit Clerk Fayette County, WV

-24-